1  WILLIAM GERARD SANGERVASI II
2  221 Main St, # 181
   Los Altos, CA  94023

3  SJPD4230@gmail.com

4  *Pro Se*  Plaintiff

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                    **SAN JOSE DIVISION**

11  WILLIAM GERARD SANGERVASI II,          Case No.   C  5:22-cv-07761-VKD
    an individual;

12                                         **PLAINTIFF'S NOTICE AND MOTION FOR**
            Plaintiff,
13                                         **PRELIMINARY INJUNCTION,**
         v.
14                                         **AND MEMORANDUM IN SUPPORT**
    CITY OF SAN JOSE, a public government
15  entity;

16  EDGARDO GARCIA, as an individual, and   DATE:    March 21, 2023
    in his official capacity as the former Chief
17  of Police for the San Jose Police        TIME:    10:00 am
    Department;
18                                          ROOM:  Courtroom #2, 5th Floor
    ANTHONY MATA, as an individual, and in
19  his official capacity as the Chief of Police for  JUDGE:  Hon. Virginia K. DeMarchi
    the San Jose Police Department;
20
    and DOES 1 through 10, inclusive,
21
            Defendants.
22

23

24

25

26

27

28

                                1 of 25

1

# TABLE OF CONTENTS

**SECTION**                                                          **Page**

I.      Notice of Motion  ...........................................      4

II.     Relief Sought  ..........................................      4

            Injunctive Relief  ........................................      6

            Conflicting Relief  ......................................      7

III.    Statement of the Issues to be Decided ....................      8

IV.     Memorandum in Support  ........................................      8

            Statement of Facts  ........................................      8

            Argument  .........................................      11

                Legal Standard  ...............................      12

                    Success on the Merits  .........      12

                    Irreparable Harm  ................      20

                    Balance of Equities  .............      21

                    Public Interest  ....................      21

                Bond  .................................      23

            Conclusion .................................      24

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **TABLE OF AUTHORITIES**

2    1. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) ....    12

3    2. *Rosenberger v. Rector & Visitors of Univ. of Va.,*

4       515 U.S. 819, 828 (1995) …....................................    17

5    3. *Shurtleff v. Boston,* 596 U.S._(2022) …........................    18

6    4. *Bonnell v. Lorenzo,* 241 F.3d 800, 809 (6th Cir. 2001) …..........    21

7    5. *Boardman v. Pacific Seafood Grp.,*

8       822 F.3d 1011, 1024 (9th Cir. 2016) …........................    22

9

10   6. *Webb v. City of Philadelphia,* 562 F. 3rd, 256, (2009) …..............    23

11

12

13   7. United States Constitution, Amendment I …................................    16, 18

14   8. United States Constitution, Amendment XIV …........................    15, 16, 22

15   9. United States Constitution, Article VI, Clause II …...................    14

16   10. United States Constitution, Article VI, Clause III …...................    14

17

18

19   11. Federal Rules of Civil Procedure 65(c) …...................................    23

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY INJUNCTION
**5:22-cv-07761-VKD**

1

## I. **NOTICE OF MOTION**

2      Please take notice that on March 21, 2023, at 10:00 am, in Courtroom #2 on the 5th Floor

3  of the United States District Court – San Jose Division, located at 280 South 1st Street, San Jose,

4  CA 95113, before the Honorable Virginia K. DeMarchi, I will and hereby do move for an order

5  granting this Motion for Preliminary Injunction.

6      The Motion will be based on this Notice and Motion and its Memorandum in Support,

7  Plaintiff's Declaration and its exhibits, Plaintiff's Verified Complaint, and the [Proposed] Order.

8

9

10

## II. **RELIEF SOUGHT**

11      Plaintiff seeks an immediate preliminary injunction from this Court, enjoining Defendants

12  from infringing upon and denying Plaintiff's constitutionally-protected rights to free speech, free

13  exercise of religion, and equal protection under the law, in The United States of America.

14  RELIEF SOUGHT  -  BACKGROUND

15      This matter arises from Defendants infringing upon and denying Plaintiff's constitutionally-

16  protected right to equal protection under the law, in conjunction with Defendants infringing upon

17  and denying Plaintiff's constitutionally-protected rights to free speech and free exercise of religion

18  in comparison to the free speech rights of other similarly situated persons whose free speech has

19  not been infringed upon by Defendants, but rather has been encouraged and assisted by the

20  Defendants, and by doing so Defendants are further infringing upon and denying Plaintiff's right to

21  equal protection under the law.

22      As outlined in Plaintiff's Verified Complaint, Defendants' actions are causing an

23  irreconcilably unconstitutional governmental predisposition of sexual bias, preference, favoritism,

24  prejudice, and segregationist intent, to be inflicted against Plaintiff, which is denying Plaintiff's

25  right to equal protection under the law in The United States of America.

26      Plaintiff was a Police Officer with the CITY OF SAN JOSE.  Defendants, among other

27

28

things, recently desecrated the sacrosanct neutral and impartial visual appearance of *The Uniform* of the San Jose Police Department with a visible display of the personal "LGBTQ pride" speech of individual officers, which is explicitly defined by the Defendants as representing only "Lesbian, Gay, Bi-sexual, Transgender, and Queer pride", thereby inflicting onto *The American Uniform* a visible governmental predisposition of sexual bias, preference, favoritism, prejudice, and segregationist intent, against Plaintiff, and all other Officers and Americans, and this biased sexual segregation, which Defendants implemented to explicitly target and segregate the class and personal and sexual characteristics of Plaintiff, and all other Officers and Americans, is unconstitutionally infringing upon and denying Plaintiff's right to equal protection under the law in The United States of America.

Furthermore, Defendants admitted, in writing, that the shoulder patch on *The Uniform* of the San Jose Police Department was altered with the specific intent to "allow department members to show individual support for issues important to them."

However, Defendants have denied and censored Plaintiff's free speech in this now-open forum, in comparison to the free speech of other similarly situated officers whose free speech has not been denied or censored by Defendants. As such, Defendants have now also infringed on Plaintiff's rights to free speech, and free exercise of religion, in comparison to the free speech rights of other similarly situated officers, and thereby Defendants are casting Plaintiff and his speech into a suspect class and denying and censoring Plaintiff's speech explicitly because of Plaintiff's class and personal and sexual characteristics, thereby further denying Plaintiff's right to equal protection under the law in The United States of America.

Plaintiff has suffered, is suffering, and will continue to suffer, irreparable harm because of Defendants' infringements upon Plaintiff's constitutionally-protected rights. Plaintiff seeks the following immediate injunctive relief accordingly.

<u>INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff seeks an immediate preliminary injunction, enjoining the Defendants and all persons in active concert with the Defendants, from any of the following acts, whether committed directly or indirectly or by any means whatsoever:

1. having a biased and segregationist "LGBTQ Advisory Board" at the San Jose Police Department;

2. having a biased and segregationist "LGBTQ Liaison Officer" position at the San Jose Police Department;

3. displaying a biased and segregationist "LGBTQ pride" flag at the San Jose Police Department;

4. allowing the display of a biased and segregationist "LGBTQ pride" shoulder patch on *The Uniform* of the San Jose Police Department;

5. and any other similar acts that violate and deny Plaintiff's constitutionally-protected right to equal protection under the law in The United States of America;

because these governmental acts by Defendants are now currently inflicting an irreconcilably unconstitutional and visibly self-evident governmental predisposition of sexual bias, preference, favoritism, prejudice, and segregationist intent, against Plaintiff, and all Officers and all Americans who must receive blind-justice, and this clearly-defined sexual segregation, exclusion, disparate treatment, and subsequent mistreatment of Plaintiff explicitly because of Plaintiff's class and sexual characteristics in comparison to similarly situated persons, is indisputably and outright denying Plaintiff's constitutionally-protected right to equal protection under the law in The United States of America.

Defendants, and all persons in active concert with them, must immediately stop, disband, and abolish these enjoined acts, and Defendants must take all clear and affirmative action that is necessary to support, protect, and defend the constitutionally-protected rights of Plaintiff, and all

1    other Officers and Americans.

2

3    <u>CONFLICTING RELIEF REQUIRED IN THE ABSENCE OF THE INJUCTIVE RELIEF</u>

4         Furthermore, Defendants have simultaneously infringed on Plaintiff's constitutionally-

5    protected rights to free speech and free exercise of religion.  As such, absent the immediate

6    abovementioned constitutionally-compliant and proper injunctive relief by this Court to protect the

7    sacrosanct neutral and impartial display of *The American Flag* as it is seen and witnessed by all

8    Officers and all Americans who are equally represented in *The American Flag* that flies over the San

9    Jose Police Department; and absent the proper immediate injunctive relief by this Court to protect

10   the sacrosanct neutral and impartial visual appearance of *The American Uniform* as it is seen and

11   witnessed by all Officers and all Americans who are equally represented in *The Uniform* of the San

12   Jose Police Department; whereas the neutral and impartial visual display of these American public

13   symbols of blind-justice at an American police department visually communicates to all Americans

14   that all people shall, and in fact do, receive blind-justice and equal protection under the law;

15   Defendants, and all persons in active concert with the Defendants, who have desecrated the neutral

16   and impartial governmental public image of the San Jose Police Department, as outlined here and in

17   Plaintiff's Verified Complaint, would then also have to be enjoined by this Court from infringing

18   upon Plaintiff's constitutionally-protected rights to free speech and free exercise of religion, in the

19   now-open forums of:

20

21                    i.   *The Uniform* patches of the San Jose Police Department;

22                    ii.  the flagpole of the San Jose Police Department;

23                    iii. on San Jose Police Department police vehicles;

24                    iv.  and all other forums that are connected by constitutional nexus, to include

25                         forums that Plaintiff may not be aware of, but is still being unconstitutionally

26                         censored, segregated, and deprived of equal access to, in comparison to

27

28

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY INJUNCTION
**5:22-cv-07761-VKD**

similarly situated persons and officers;

thereby ensuring that Plaintiff's free speech will also receive the same equal treatment as the free speech of other similarly situated persons and individual officers whose personal speech has also been further promoted through:

    v.  official recognition in published department memorandums that officially promoted the personal speech of individual officers and informed all other officers that the patches on *The Uniform* were intended to "allow department members to show individual support for issues important to them";

    vi.  and equal recognition in department-curated social media and public communications, etcetera.

## III. CONCISE STATEMENT OF THE ISSUES TO BE DECIDED

1. That Plaintiff will succeed on the merits of the constitutional claims.

2. That Plaintiff will continue to suffer irreparable harm without injunctive relief.

3. That the balance of equities favors injunctive relief for Plaintiff.

4. That Plaintiff's injunctive relief is in the public interest.

5. That no bond be inflicted against Plaintiff for seeking constitutionally-protected rights.

## IV. MEMORANDUM IN SUPPORT

### STATEMENT OF FACTS

The following statement of facts is a very brief summary of facts that are narrowly relevant to this Motion so as to provide background information for the Motion. As such, this statement of facts is only a partial list of facts in this case, which are outlined in greater detail in Plaintiff's Verified Complaint ("VC").

Plaintiff was a Police Officer with the CITY OF SAN JOSE (Declaration paragraph #4, and

VC).  Plaintiff's employment as a Police Officer was terminated after Plaintiff criticized the unconstitutional actions of Defendants, and after Plaintiff demanded the same free speech and other rights as similarly situated officers (D #15, 16, 17, 18, 19, 21, 23, 25, 26, 27, 28, Exhibit-A; and VC).

Defendants implemented segregated policing at the San Jose Police Department, explicitly because of the class and personal and sexual characteristics of Plaintiff and all other Officers and all other American Citizens (D #5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and VC).  In particular, Defendants created an "LGBTQ Advisory Board" and an "LGBTQ Liaison Officer" position at the San Jose Police Department, which are segregating and excluding Plaintiff and all Officers and all Americans explicitly because of our class and personal and sexual characteristics (D #5, 6, 7, 8, 14, and VC).

As admitted by the Defendants, the "LGBTQ Advisory Board" and the "LGBTQ Liaison Officer" position only represent, and advocate for, persons who identify as "Lesbian, Gay, Bi-sexual, Transgender, and Queer", and the "LGBTQ Liaison Officer" position is reserved only for officers who identify as "Lesbian, Gay, Bi-sexual, Transgender, and Queer" (D #6, 8, 14, and VC), thereby segregating, excluding, and discriminating against Plaintiff, and all other Officers and Americans, explicitly because of our class and sexual characteristics, and this is denying Plaintiff's right to equal protection under the law in The United States of America.

Defendants further increased and celebrated the biased exclusion and segregation of Officers and Americans when Defendants raised an "LGBTQ pride" flag at police headquarters, and Defendants created an "LGBTQ pride" patch for officers to display on *The Uniform* of the San Jose Police Department (D #9, 10, 11, 12, 13; and VC).  Defendants clearly defined that these actions, symbols, and speech, pertained only to "LGBTQ pride", which by Defendants' own admitted definition includes only persons who identify as "Lesbian, Gay, Bi-sexual, Transgender, and Queer", thereby segregating and excluding Plaintiff and all other Officers and American

Citizens who are not included in the narrow and explicit definition of "LGBTQ" (D #9, 10, 11, 12, 13, 14; and VC).

Defendants admitted, in writing, that the shoulder patch on *The Uniform* of the San Jose Police Department was altered with the specific intent to "allow department members to show individual support for issues important to them." (D #13; and VC). As such, Defendants created a forum for the personal speech of individual officers (D #11, 13; and VC). Defendants further allowed and assisted individual officers with publicly speaking and communicating about their own personal "LGBTQ pride" message and associated speech (D #11, 13; and VC).

On November 11, 2020, Plaintiff routed a memorandum to Defendant GARCIA (D #15, 16, Exhibit-A; and VC). Plaintiff criticized the actions of Defendants, and Plaintiff demanded the same free speech and equal rights as similarly situated officers (D #15, 16, 17, 18; and VC). Plaintiff's free speech demands created additional constitutional and legal leverage in this matter, beyond the initial Equal Protection claims (D #15, 16, 17, 18; and VC).

On November 13, 2020, Defendants placed Plaintiff on administrative leave (D #19; and VC). On December 11, 2020, Defendants sent Plaintiff a letter which officially denied Plaintiff's demands for free speech, through Plaintiff's flag and patch designs which were denied and censored by Defendants (D #20, Exhibit-B; and VC).

On June 7, 2021, after approximately a half-year on administrative leave without any formal department contact, Defendants sent Plaintiff notice of a department-initiated Internal Affairs complaint against him (D #21, Exhibit-C; and VC). The very next day, on June 8, 2021, Plaintiff received a department-wide email that was sent by Defendants, and the email stated that Defendants were going to raise an "LGBTQ pride" flag at police headquarters on June 8, 2021, but a follow-up email within less than an hour corrected the date of the "LGBTQ pride" flag raising to the following day on June 9, 2021 (D #22, Exhibit-D; and VC).

The timing of Plaintiff's Internal Affairs notice coincided with Defendants' "LGBTQ

pride" notices and events, all of which occurred at essentially the exact same time in the month of June, at a time that Defendants have described as "LGBTQ pride" month (D #21, 22, 24; and VC). This timing shows retaliation against Plaintiff explicitly because of Plaintiff's class and personal and sexual characteristics, thereby denying Plaintiff's right to equal protection under the law. Subsequently, on June 17, 2021, Plaintiff received notice that he would be interrogated by Internal Affairs (D #23; and VC).

On August 19, 2021, Plaintiff was subjected to an all-day interrogation by Internal Affairs (D #25; and VC).

Ultimately, on February 11, 2022, Plaintiff was served with Defendants' Notice of Discipline which stated that Plaintiff's employment as a Police Officer for the CITY OF SAN JOSE was terminated, effective February 12, 2022 (D #26; and VC), for reasons that subjectively and selectively included some of the topics of Plaintiff's free speech flag and patch designs (D #27; and VC). Plaintiff appealed, but the CITY OF SAN JOSE denied the administrative appeal (D #28; and VC).

On December 8, 2022, Plaintiff filed his Verified Complaint to seek relief from the Defendants infringing upon Plaintiff's constitutionally-protected rights to free speech, free exercise of religion, and equal protection under the law, in The United States of America (D #29, and VC).

## ARGUMENT

### Introduction

This matter arises from Defendants infringing upon Plaintiff's constitutionally-protected rights to free speech, free exercise of religion, and equal protection under the law. It involves unconstitutional governmental censorship, and unconstitutional government-inflicted segregation. Defendants' actions have resulted in a predisposition of sexual bias, preference, favoritism, prejudice, and segregationist intent, to be inflicted against Plaintiff, and Defendants have also

1    caused that same sexual bias to be visibly and publicly displayed by uniformed executive officers

2    of the San Jose Police Department.  This deprivation of blind-justice, as visibly communicated and

3    displayed by American police officers who are uniformed executive officers within The United

4    States, has further denied Plaintiff's right to equal protection under the law in The United States of

5    America.

6        Defendants' continued governmental infringement on Plaintiff's constitutionally-protected

7    First Amendment and Fourteenth Amendment rights will not withstand any constitutional scrutiny.

8    Plaintiff seeks immediate injunctive relief accordingly.

9

10

11                              **Legal Standard**

12        Courts around The United States employ a similar legal standard for evaluating a plea for

13   injunctive relief.  "A plaintiff seeking a preliminary injunction must establish that he is likely to

14   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

15   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

16   (*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  The circumstances as outlined in

17   this Motion and in Plaintiff's Verified Complaint show that Plaintiff meets this legal standard, and

18   therefore Plaintiff should be granted injunctive relief.

19

20

21                           **Success on the Merits**

22        Plaintiff will succeed on the merits of his constitutional claims.  Plaintiff has raised four

23   claims: (1) Defendants have violated the Free Speech Clause of the First Amendment by censoring

24   Plaintiff's speech, through content- and viewpoint-based restriction and discrimination, where free

25   speech was allowed for others; (2) Defendants have violated the Free Exercise Clause of the First

26   Amendment by censoring and prohibiting Plaintiff's religious speech where secular free speech

27   was allowed for others; (3) Defendants have violated the Equal Protection Clause of the Fourteenth

28

Amendment by treating both Plaintiff's secular speech and religious speech unequally, and with class-based hostility, in comparison to the free speech of other similarly situated persons; and (4) Defendants have further violated the Equal Protection Clause of the Fourteenth Amendment by actively implementing unconstitutional governmental segregation at the San Jose Police Department in multiple forms so that sexual bias, preference, favoritism, prejudice, and segregationist intent, is being inflicted against Plaintiff, and this is actively and currently causing Plaintiff to be treated unequally in comparison to similarly situated persons so that Plaintiff is being treated as a suspect class by the governmental Defendants who are segregating, excluding, and discriminating against Plaintiff explicitly because of Plaintiff's class and personal and sexual characteristics, thereby indisputably denying Plaintiff's constitutionally-protected right to equal protection under the law in The United States of America.

These are irreconcilably unconstitutional violations of Plaintiff's constitutionally-protected rights, and as such these violations will never withstand any level of constitutional scrutiny.

Plaintiff will succeed on the merits accordingly.

<u>Blind-Justice and Equal Protection</u>

<u>Claim #4</u>

Because of the dire constitutional implications of Claim #4, it is addressed here first.

*The Uniform* of America's police officers is a universal and self-evident visual symbol of blind-justice in America, because the sacrosanct neutral and impartial visual appearance of *The American Uniform*, as it is seen and witnessed by all people, is fundamental to the constant public perception and visual confirmation by all Americans that there is universal blind-justice and equal protection under the law in The United States of America.

Never in American History has the sacrosanct neutral and impartial visual appearance of *The American Uniform* ever been officially desecrated with visible bias. As outlined in Plaintiff's

Verified Complaint, *The Uniform* of the San Jose Police Department has essentially been unchanged since the Department's founding in 1849, and accordingly all Americans have been equally represented in *The Uniform* of the San Jose Police Department which has been the visual symbol of blind-justice and equal protection under the law for all Americans who have ever seen a San Jose Police Officer wearing *The Uniform* of the San Jose Police Department.

But now, Defendants' recent actions of desecrating *The Uniform* with visible "Lesbian, Gay, Bi-sexual, Transgender, and Queer pride" speech and the accompanying sexual bias that it displays, has unsurprisingly caused visibly observable sexual bias, preference, favoritism, prejudice, and segregationist intent, to be displayed and inflicted against Plaintiff, and all other Officers and Americans, who are now being segregated, excluded, and discriminated against by Defendants explicitly because of our class and personal and sexual characteristics, and as such Defendants are now depriving everyone of blind-justice and equal protection under the law in The United States of America.

Because this attack on the neutral and impartial visual appearance of *The American Uniform* has only just recently been committed by the Defendants, Plaintiff is not aware of any caselaw that does, or even could, exist. As such, Plaintiff's current case will likely be the precedent-setting case for this constitutional crisis.

While no caselaw may exist, Defendants' actions are clearly demonstrated and understood to be irreconcilably unconstitutional at conception. Despite the explanation from the preceding paragraphs, and as outlined in the Verified Complaint, the fact is that The Constitution itself predicts the doomed fate of Defendants' desecration of *The American Uniform* with visible bias.

The Constitution of The United States of America is "the supreme law of the land" (US Const., Art. VI, Cls. II). Furthermore, "all executive and judicial officers, both of the United States and of the several states, shall be bound by oath or affirmation, to support this Constitution" of The United States of America (US Const., Art. VI, Cls. III). And the Fourteenth Amendment

1  reconfirms that all people in America shall have "the equal protection of the laws." (US Const.,

2  Am. XIV).

3      Police Officers are armed, uniformed executive officers in The United States of America.

4  Accordingly, Police Officers are sworn by *Oath* to support and defend The Constitution of The

5  United States of America.  As such, Police Officers are sworn by *Oath* to provide equal protection

6  under the law to all Americans.  Therefore, an American police department shall not "deny to any

7  person within its jurisdiction the equal protection of the laws." (US Const., Am. XIV).  Regardless

8  of whether committed by an agency or by individual executive officers, any act that violates these

9

10  constitutional mandates is clearly unconstitutional and impermissible in America.

11      As such, Defendants' unconstitutional actions at an American police department, which

12  include: creating a biased and segregationist "LGBTQ Advisory Board"; creating a biased and

13  segregationist "LGBTQ Liaison Officer" position; raising a biased and segregationist "LGBTQ

14  pride" flag against *The American Flag*; and creating and allowing a biased and segregationist

15  "LGBTQ pride" shoulder patch to inflict visible sexual bias onto *The Uniform* of the San Jose

16  Police Department; have resulted in Defendants actively causing tangible and visible governmental

17  sexual bias, preference, favoritism, prejudice, and segregationist intent, to be publicly displayed

18  and inflicted against all Americans who are now being segregated explicitly because of our class

19  and personal and sexual characteristics, thereby denying all Americans our right to equal protection

20

21  under the law in The United States of America.

22      When this display of visible sexual bias is committed by uniformed executive officers and

23  causes Americans to be segregated into a suspect class, that visible predisposition of governmental

24  sexual bias is a deprivation of blind-justice and is a visibly self-evident and outright

25  unconstitutional denial of equal protection under the law.  As such, Defendants cannot uphold their

26  *Oath* of providing constitutionally-mandated equal protection under the law to all Americans while

27  Defendants are committing the unconstitutional act of segregating, excluding, and discriminating

28

against all Americans explicitly because of our class and personal and sexual characteristics. In this act, Defendants are in fact denying equal protection under the law to all Americans.

Consequently, *reasonable doubt* now exists in regard to the constitutional authority and constitutional validity of any *Search and Seizure* that is conducted by a visibly biased officer and biased law enforcement agency that are visibly communicating and displaying a governmental predisposition of sexual bias, preference, favoritism, prejudice, and segregationist intent, against all Americans, thereby denying equal protection under the law to all Americans. Again, Police Officers are executive officers within The United States of America, and as such an American police department shall not "deny to any person within its jurisdiction the equal protection of the laws." (US Const., Am. XIV).

Despite this constitutional mandate, Defendants are causing the San Jose Police Department to deny equal protection to Plaintiff, and all Officers and all Americans, explicitly because of our class and sexual characteristics.

It is clear that Plaintiff will succeed on the constitutional merits of this Equal Protection claim.

<u>Freedom of Speech</u>

<u>Claim #1</u>

Plaintiff's intent is to protect the sacrosanct neutral and impartial visual appearance of *The Uniform* of the San Jose Police Department. As a means to that end, Plaintiff created a "Legal Conundrum" for the Defendants which Plaintiff is now using as constitutional leverage to guarantee the restoration of the neutral and impartial visual appearance of *The American Uniform*.

The First Amendment is explicitly clear in stating that the government shall not engage in "abridging the freedom of speech" (US Const., Am. I). As outlined in the Verified Complaint, Defendants admitted, in writing, that the shoulder patch on *The Uniform* of the San Jose Police

1    Department was altered with the specific intent to "allow department members to show individual

2    support for issues important to them." Defendants therefore cannot engage in content- or

3    viewpoint-based restrictions or discrimination in this now-open forum, or any other similar forum

4    that is connected by constitutional nexus (VC pg. 28, #126).

5        Plaintiff submitted flag and patch designs as part of Plaintiff's demands for free speech.

6    Defendants denied and censored Plaintiff's free speech, despite allowing the free speech of others.

7    Defendants also censored Plaintiff's free speech on the exact same topic of sexual-orientation that

8    had been brought up by the Defendants themselves. As part of Plaintiff's free speech on the topic,

9    Plaintiff presented a "hetero-sexual pride" patch in direct juxtaposition to the "LGBTQ pride"

10    (homo-sexual pride) patch that the Defendants were allowing other individual officers to use as

11    part of their personal free speech on the topic of sexual-orientation.

12

13        Defendants' denial and censorship of Plaintiff's contrasting free speech, on the exact same

14    topic of sexual-orientation that was instigated by the Defendants themselves, is clearly an

15    unconstitutional governmental restriction against Plaintiff's free speech on the topic. This is

16    content- and viewpoint-based censorship of Plaintiff's speech. "When the government targets not

17    subject matter, but particular views taken by speakers on a subject, the violation of the First

18    Amendment is all the more blatant." (*Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S.

19    819, 828 (1995)). Defendants have not only denied and censored Plaintiff's free speech in general,

20    but Defendants have also specifically denied and censored Plaintiff's free speech on the topic of

21    sexual-orientation explicitly because of the viewpoint of Plaintiff's speech, despite Plaintiff's

22    speech being on the exact same topic of speech that was instigated by the Defendants themselves.

23        It is clear that Plaintiff will succeed on the constitutional merits of this Free Speech claim.

24

25

26

27

28

1

<u>Free Exercise of Religion</u>

2

<u>Claim #2</u>

3
4
5
6
7

Again, Plaintiff's intent is to protect the sacrosanct neutral and impartial visual appearance of *The Uniform* of the San Jose Police Department.  In continuation of the "Legal Conundrum" that Plaintiff has created for the Defendants, Plaintiff's Free Exercise claim provides constitutional leverage, because Plaintiff will succeed on the merits of this claim.

8
9
10
11
12
13
14
15

The First Amendment is explicitly clear in stating that the government shall not engage in the "establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech" (US Const., Am. I).  Again, as outlined in the Verified Complaint, Defendants admitted, in writing, that the shoulder patch on *The Uniform* of the San Jose Police Department was altered with the specific intent to "allow department members to show individual support for issues important to them."  Defendants therefore cannot engage in content- or viewpoint-based restrictions or discrimination in this now-open forum, or any other similar forum that is connected by constitutional nexus (VC pg. 28, #126).

16
17
18
19
20
21
22

Plaintiff submitted flag and patch designs as part of Plaintiff's demands for free speech. Defendants denied and censored Plaintiff's free speech, which included religious speech, despite Defendants allowing the secular free speech of others.  This demonstrates a hostility towards religious speech where secular speech was allowed for others.  Defendants allowed the secular free speech of similarly situated individual officers, therefore Defendants cannot deny Plaintiff's religious free speech in the now-open forums.

23
24
25

Recently, the United States Supreme Court issued a unanimous 9-0 ruling reaffirming the prohibition against the unconstitutional governmental restriction of religious speech where secular free speech was allowed for others (*Shurtleff v. Boston, 596 U.S. _(2022)*).

26
27
28

While Plaintiff's current case is not identical to *Shurtleff*, some of the same constitutional circumstances regarding free speech and the free exercise of religion overlap, and the precedent of

1   *Shurtleff* will similarly sustain Plaintiff's constitutional claims, thereby further showing that

2   Plaintiff will succeed on the constitutional merits of this Free Exercise claim.

3

4                            Equal Protection and Equal Treatment

5                                        Claim #3

6        Defendants have violated the Equal Protection Clause of the Fourteenth Amendment by

7   treating both Plaintiff's secular speech and religious speech unequally in comparison to the speech

8   of other similarly situated persons.  Additionally, as outlined above in Claim #4, Defendants also

9

10  treated *Plaintiff* unequally explicitly because of Plaintiff's class and personal and sexual

11  characteristics.  While this Claim #3 is related to the Equal Protection claim of Claim #4 as

12  discussed above, both claims have Equal Protection implications that are distinct to each claim

13  respectively.

14       In this Claim #3, Defendants have denied Plaintiff's right to equal protection under the law

15  by treating both Plaintiff's secular speech, and religious speech, unequally in comparison to the

16  free speech of other similarly situated persons.  This unequal and hostile treatment of Plaintiff's

17  secular and religious speech was explicitly because of the classes and personal and sexual

18  characteristics that were represented in Plaintiff's secular and religious free speech, thereby

19  Defendants cast Plaintiff and Plaintiff's speech into a suspect class and unconstitutionally infringed

20

21  upon and outright denied Plaintiff's right to equal protection under the law.

22       Again, as outlined in the Verified Complaint, Defendants admitted, in writing, that the

23  shoulder patch on *The Uniform* of the San Jose Police Department was altered with the specific

24  intent to "allow department members to show individual support for issues important to them."

25  Defendants therefore cannot engage in content- or viewpoint-based restrictions or discrimination in

26  this now-open forum, or any other similar forum that is connected by constitutional nexus (VC pg.

27
28  28, #126).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's free speech flag and patch designs included speech on Plaintiff's classes and personal and sexual characteristics. Plaintiff's speech included speech on race, color, religious creed, sex, and sexual-orientation, among other speech. Defendants denied and censored Plaintiff's speech explicitly because of Plaintiff's class and personal and sexual characteristics, thereby casting Plaintiff into a suspect class and denying Plaintiff equal protection under the law.

Defendants cannot censor and thereby treat Plaintiff's speech about class and personal and sexual characteristics unequally, unfavorably, and with hostility, in comparison to the free speech of other similarly situated persons who are free to speak about their self-identified class and personal and sexual characteristics with the governmental approval of Defendants. Defendants also cannot treat religious speech unequally where secular free speech was allowed for others.

Segregating Americans and subjecting Americans to preferential or unfavorable treatment explicitly because of our class and personal and sexual characteristics, and then causing some Americans to be treated as a suspect class by the government in comparison to similarly situated persons, is blatantly unconstitutional and in violation of the Equal Protection Clause. Defendants have inflicted this very harm against Plaintiff explicitly because of Plaintiff's class and personal and sexual characteristics, thereby infringing upon and denying Plaintiff's right to equal protection under the law in The United States of America.

It is clear that Plaintiff will succeed on the constitutional merits of this additional Equal Protection claim.

### Irreparable Harm

The denial of Plaintiff's constitutionally-protected rights to free speech, free exercise of religion, and equal protection under the law, is causing Plaintiff to suffer irreparable harm. Plaintiff has already suffered this harm, Plaintiff is currently suffering this harm, and Plaintiff will continue to suffer this irreparable harm absent injunctive relief. As such, "when reviewing a

motion for preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated." (*Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001)). Plaintiff has demonstrated that he will succeed on the constitutional merits of his claims because he has suffered irreparable injury at the hands of the Defendants, who are violating Plaintiff's rights that are protected by the First Amendment and Fourteenth Amendment. As such, it is clear that Plaintiff will continue to suffer irreparable harm if these unconstitutional infringements continue.

Without injunctive relief, it is clear that Plaintiff will continue to suffer irreparable harm.

### Balance of Equities Favors Plaintiff

Defendants are depriving Plaintiff of his constitutionally-protected rights. Plaintiff seeks to restore his rights. In particular, stopping Defendants from denying equal protection under the law will benefit all Americans equally. As such, no harm could possibly come to anyone else if all people in America are treated equally by the government.

As such, the issuance of an injunction tips entirely in Plaintiff's favor. An injunction will restore the constitutionally-mandated status quo of when all Americans received blind-justice and equal protection under the law from the San Jose Police Department, before Defendants' recent unconstitutional actions that just instigated this crisis and controversy. The governmental deprivation of blind-justice and unconstitutional denial of equal protection under the law hurts everyone in America, so clearly the balance of equities favors granting injunctive relief for Plaintiff, because the actual loss of constitutionally-protected rights cannot even be compared to the subjective political interests of the Defendants.

### Injunctive Relief is in the Public Interest

Again, the government shall not "deny to any person within its jurisdiction the equal

1    protection of the laws." (US Const., Am. XIV).  Defendants have infringed upon and denied

2    Plaintiff's constitutionally-protected right to equal protection under the law, explicitly because of

3    Plaintiff's class and personal and sexual characteristics.

4         Stopping the Defendants from denying equal protection under the law, will benefit both

5    Plaintiff and all Americans equally.  An injunction for Plaintiff is also in the public interest for all

6    Americans who must receive blind-justice and equal protection under the law from the San Jose

7    Police Department.

8         Since 1849, the San Jose Police Department has faithfully presented its governmental

9    public image in a completely neutral, impartial, and unbiased manner, and this has always visibly

10   communicated and confirmed the public perception that blind-justice and equal protection under

11   the law are uniformly presented to all Americans by the San Jose Police Department.

12        However, Defendants' very recent actions have desecrated this historical tradition in a way

13   that now visibly denies blind-justice and denies equal protection under the law.  Every single

14   American is being harmed by Defendants' actions, and Plaintiff's injunctive relief will benefit all

15   people in The United States of America.

16        It is in the public interest for all Americans to continue to enjoy equal protection under the

17   law, as we always did, until Defendants' very recent unconstitutional actions.  For that reason, the

18   public interest is served by immediately restoring the time-honored status quo so that all Americans

19   enjoy equal protection under the law from the San Jose Police Department.  Injunctive relief to this

20   effect is in the public interest because, "[t]he 'purpose of a preliminary injunction is to preserve the

21   status quo ante litem pending a determination of the action on the merits';" and the term "'[s]tatus

22   quo ante litem' refers to 'the last uncontested status which preceded the pending controversy'".

23   (*Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016)).

24        It is clear that granting injunctive relief to Plaintiff will also be granting injunctive relief to

25   all Americans by preserving the status quo of equal protection under the law for all Americans, and

as such Plaintiff's injunctive relief is clearly in the public interest.

## No Bond Should Be Inflicted for Seeking the Preservation of Rights

In granting Plaintiff's injunctive relief, this Court should exercise its discretion and not impose any bond under Federal Rule of Civil Procedure 65(c). Imposing a bond against Plaintiff for seeking the preservation of Plaintiff's constitutionally-protected rights would further harm Plaintiff's rights. Simply stopping the Defendants from continuing to engage in their recently-initiated unconstitutional actions that are infringing upon Plaintiff's rights, and thereby requiring the Defendants to provide the same equal treatment to Plaintiff and all Americans, will not result in any monetary cost to the Defendants.

## ADDITIONAL INFORMATION OF NOTE

While no caselaw exists on the recent unconstitutional situation that the Defendants have created, it is worth noting that extensive caselaw does exist regarding the constitutional validity of *Search and Seizure* when judged in relation to how police officers announce and visibly present themselves, both in uniform and in marked/lighted police vehicles, during enforcement contacts.

And police uniform standards have been upheld in religious clothing accommodation cases so as to prevent attachment of an individual's personal identity to a police officer's uniform which is a neutral symbol of public trust (*Webb v. City of Philadelphia, 562 F. 3rd, 256, (2009)*).

Additionally, although the free speech issues in this case indisputably involve the personal speech of individuals that is clearly not government speech (VC pg. 28, #126), as clearly shown in Claim #4 a police department and its executive officers cannot engage in any "government speech" that denies equal protection to all Americans. When a uniformed executive officer engages in any biased public speech, regardless of whether the speech is personal or governmental, and the speech has misappropriated and compromised the neutral and impartial governmental public image of an

1   American police department so as to inflict a governmental predisposition of sexual bias,

2   preference, favoritism, prejudice, and segregationist intent, against all Americans explicitly

3   because of our class and personal and sexual characteristics, this is an irreconcilably

4   unconstitutional denial of equal protection that shall not exist in America.  So, any attempt to

5   distract with a "government speech" argument would be completely irrelevant and futile.

6

7                                       **CONCLUSION**

8
9        Plaintiff seeks to restore equal protection under the law for all Americans, and Plaintiff

10  seeks to have Defendants cease their irreconcilably unconstitutional segregation of Plaintiff and all

11  Americans.  Defendants' actions will not withstand any constitutional scrutiny, because Defendants

12  cannot justify violating Plaintiff's rights that are protected by the First Amendment and Fourteenth

13  Amendments of The Constitution of The United States of America.

14       As such, Plaintiff respectfully requests this Court to immediately grant Plaintiff's Motion

15  for Preliminary Injunction.

16

17                              **ORAL ARGUMENT REQUESTED**

18
19       Plaintiff requests that the Court conduct oral argument on this Motion because Plaintiff

20  believes that oral argument will assist the Court in determining the issues in a responsive setting.

21

22

23

24

25

26  Dated:  February 8, 2023

27                              WILLIAM GERARD SANGERVASI  II

28                                       *Pro Se*  Plaintiff

## CERTIFICATE OF SERVICE

I, WILLIAM GERARD SANGERVASI II, certify that I will cause this Motion, along with its Declaration and attached exhibits, and the [Proposed] Order, to be served on all Defendants, and detailed Proof of Service will be filed with this Court soon thereafter.

Executed on:  February 8, 2023

WILLIAM GERARD SANGERVASI II

PLAINTIFF'S NOTICE AND MOTION FOR PRELIMINARY INJUNCTION
5:22-cv-07761-VKD